UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| THOMAS CHARLES BIBE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:12 CV 378 |
| ALLEN COUNTY JAIL NURSING DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiff Thomas Bibe, a prisoner confined at the Allen County Jail, filed the complaint in this case under 42 U.S.C. § 1983, alleging that conditions of confinement at the jail violate his federally protected rights. He names as defendants the jail's nursing department, its confinement division, and its dietary staff.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Bibe brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The only defendants Bibe names in his complaint are the Allen County Jail Nursing Department, the Allen County Jail Confinement Division, and the Allen County Jail Dietary/ABL Staff. (DE # 1 at 2.) Bibe may not, however, proceed against the jail in this action because it is not a person or even a policy-making unit of government that can be held liable under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." But a jail is a building, and "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993). Bibe may not proceed against the jail's nursing department or its confinement division for the same reason, nor can he proceed against the dietary staff as a group because, while this group is composed of persons, the group is not collectively a person.

Bibe seeks damages for the conditions imposed on him while he has been at the Allen County Jail. If he wishes to proceed with this action, he must name as defendants either an appropriate governmental entity or a senior official in his official capacity or name individual officials or employees in their individual capacities. The court will dismiss the plaintiff's complaint, but will afford him time within which to file an amended complaint, restating his claims and naming a proper defendant or defendants.

A § 1983 plaintiff may sue a governmental entity or senior official for damages in his official capacity. An official capacity damage claim against a municipal official "is

2

not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

> A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000). If Bibe believes that any of his claims arose from an official jail policy or custom he may bring an official capacity claim against an appropriate governmental entity or an official such as the sheriff or jail commander.

A § 1983 plaintiff may also bring an claim against an individual who he believes has wronged him. In such circumstances, § 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

3

Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995).

> '[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.'

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Jones v. City of Chicago,* 856 F.2d 985, 992-93 (7th Cir 1998)). If Bibe believes that any of his claims arose from actions by an individual member of the jail's nursing, confinement, or dietary staff, he may bring an individual capacity claim against the individual or individuals.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A, the court **DISMISSES** the complaint (DE # 1), and **AFFORDS** plaintiff until April 24, 2013, within which to file an amended complaint naming proper defendants and containing the facts upon which he bases his complaint and the relief he wishes to obtain. The court **DIRECTS** the Clerk to enclose a copy of this court's form § 1983 complaint with this cause number printed on it, summonses, and USM-285 forms with the copy of this order sent to the plaintiff. The court **CAUTIONS** the plaintiff that if he does not file an amended complaint, this case will be dismissed without prejudice, and without further notice, pursuant to FED. R. CIV. P. 41(b).

**SO ORDERED.**

Date: March 13, 2013

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT